# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**DONDERRIOUS WILLIAMS, #251429,** :

    **Plaintiff,** :

**vs.** : CIVIL ACTION 20-00203-KD-B

**CYNTHIA STEWART,** :

    **Defendant.** :

## REPORT AND RECOMMENDATION

Plaintiff Donderrious Williams, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). It is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**I. Proceedings and Amended Complaint. (Doc. 6).**

The original complaint in this action was extracted from Williams's prior action, Williams v. Stewart, CA No. 18-00432-KD-B (S.D. Ala. 2019). In the prior action, after judgment had been entered, dismissing the action without prejudice (Doc. 9, PageID.61), Williams filed the instant § 1983 complaint. (Doc.

10, PageID.62). In the prior action, Williams raised, among other claims, substantially the same conditions-of-confinement claim that he raises in the present action.[1]

Because the prior action had been dismissed *before* Williams filed the instant complaint, the Court reviewed the complaint (Doc. 1) and directed that the complaint be extracted and a new case opened. Shortly thereafter, Williams was ordered to re-file his complaint on the Court's § 1983 complaint form. (Doc. 4, PageID.14). Williams filed an amended complaint on the Court's § 1983 complaint form and named Cynthia Stewart, warden at Holman Correctional Facility (Holman) as the sole defendant. (Doc. 6 at 5, PageID.23). In the amended complaint, Williams asserts that from June 20, 2018 to September 10, 2018, he was housed in Holman's segregation unit pursuant to an unidentified order of Defendant Stewart. (Id. at 4, PageID.22). According to Williams, he was placed in cell L-1, which had a toilet with a "massive leak" that flowed from the bottom onto the floor; a sink that did not "proper[ly] function"; a light fixture that was completely

---

[1] The conditions of confinement that were addressed in the Report and Recommendation in CA No. 18-00432-KD-B were: "live wires hanging from his light, no cleaning supplies, water leaking from his sink and toilet, a rusty table and walls with writing, dirt, and food on them." (Doc. 6 at 14, PageID.48). The Court determined that these conditions were not sufficient to satisfy the objective component of an Eight Amendment claim; therefore, the action was dismissed without prejudice. (Id. at 17-18, PageID.51-52).

2

destroyed leaving him without a light and with live wires hanging from it; a bed, table, and seat that were covered in rust; and ventilation outlets that did not function properly. (Id.). Williams contends that he "was forced to live in . . . inhuman[e] condition[s] . . . and [that was] cruel and unusual punishment." (Id.). However, Williams does not allege that he suffered any injury related to these conditions, (nor did he complain of an injury connected to the conditions in his prior action). For relief, he requests $5,500.00. (Id. at 7, PageID.25).[2]

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Williams is proceeding *in forma pauperis*, the Court is reviewing his amended complaint (Doc. 6) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, id. at 327, 109 S. Ct. at 1833, or the claim seeks to enforce a right

---

[2] In Williams's prior action, he also complained about his placement in segregation on June 20, 2018, on the charge of assault on an inmate on June 13, 2018. (Doc. 1 at 4, PageID.4). According to Williams, he was found not guilty of the disciplinary of assault on an inmate on July 3, 2018, and Cynthia Stewart, as warden, approved the not guilty verdict. (Id. at 10, PageID.10). Subsequent thereto, he was reclassified even though he had been found not guilty. (Id. at 12, PageID.13).

that clearly does not exist.  Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 555, 557, 127 S. Ct. at 1965, 1966 (second brackets in original).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, Tannenbaum v. U.S., 148 F.3d 1262, 1263 (11th Cir. 1998), but "this leniency does not give a court license to serve as *de facto* counsel

4

for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir.) (citation and quotation marks omitted), cert. denied, 574 U.S. 1047 (2014). Furthermore, a court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Iqbal, 566 U.S. at 681, 129 S. Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III. Discussion**.

Williams asserts that he was subjected to "inhuman[e] living conditions" and "cruel and unusual punishment." (Doc. 6 at 5, PageID.23). These assertions are connected to the conditions in Williams's Holman segregation cell, cell L-1. (Id. at 4-5, PageID.22-23). As noted, *supra*, Williams describes the conditions to which he was subjected as a toilet with a "massive leak" that flowed from the bottom onto the floor; a sink that did not "proper[ly] function"; a light fixture that was completely destroyed leaving him without a light and with live wires hanging from it; a bed, table, and seat that were covered in rust; and ventilation outlets that did not function properly. (Id. at 4,

5

PageID.22). Williams complains that he lived in these conditions from June 20, 2018 to September 10, 2018, with apparently no injury. (Id.).

**A. No Violation of the Eighth Amendment.**

As Williams was informed before in CA No. 18-00432-KD-B, the Constitution does not require that places of incarceration be comfortable. Rhodes v. Chapman, 452 U.S. 337, 349, 101 S. Ct. 2392, 2401, 69 L. Ed. 2d 59 (1981). All that is required is for the State to furnish "its prisoners with reasonably adequate food, clothing, shelter, sanitation, medical care, and personal safety." Newman v. Alabama, 559 F.2d 283, 291 (5th Cir.), rev'd in part sub nom. Alabama v. Pugh, 438 U.S. 781, 98 S. Ct. 3057, 57 L.Ed.2d 1114 (1978);³ see Helling v. McKinney, 509 U.S. 25, 32, 113 S. Ct. 2475, 2480, 125 L.Ed.2d 22 (1993); Hamm v. DeKalb Cnty., 774 F.2d 1567, 1574 (11th Cir.), cert. denied, 475 U.S. 1096 (1986).

In order to prevail on an Eighth Amendment inhumane conditions of confinement claim, an inmate must satisfy an objective component and a subjective component. Farmer v. Brennan, 511 U.S. 825, 836, 114 S. Ct. 1970, 1983, 128 L.Ed.2d 811 (1994). For the objective component, "a prisoner must allege a prison condition that is so

---

³The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

6

extreme that it poses an unreasonable risk of serious damage to the prisoner's health or safety." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010). Unconstitutional conditions are those conditions that deprive an inmate of "the minimal civilized measure of life's necessities," alone or in combination, when considered "under the contemporary standard of decency." Rhodes, 452 U.S. at 347, 101 S. Ct. at 2399. But, to the extent that conditions are only "restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society[]" and do not violate the Constitution. Id. "Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." Wilson v. Seiter, 501 U.S. 294, 305, 111 S. Ct. 2321, 2327, 115 L.Ed.2d 271 (1991).

The subjective component is derived "from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" Farmer, 511 U.S. at 834, 114 S. Ct. at 1977) (citation and quotation marks omitted). Because the Eighth Amendment proscribes the unnecessary and wanton infliction of pain, "a prison official must have a 'sufficiently culpable state of mind[]'" for the Eighth Amendment to be violated. Id. When a prisoner's conditions of confinement are at issue, the plaintiff must show that the "prison official's state of mind is one of

7

'deliberate indifference' to [his] health or safety." Id.

Turning to Williams's allegations, he fails to offer adequate facts to support his claim. He does not inform the Court of the amount of time spent daily in his cell. Also, while he identifies certain conditions, he does not show how the conditions are unsafe for him or unsanitary for him. Further, he identifies no injury or complete deprivation that he suffered as a consequence of his confinement. His conclusory allegations do not demonstrate an extreme deprivation sufficient to make out an Eighth Amendment claim or, if considering his conditions together, a complete deprivation of a single human need. Chandler v. Crosby, 379 F.3d 1278, 1298 (11th Cir. 2004) (an extreme condition was not made out by Florida's death-row inmates who complained about an inadequate ventilation system for their cells' summer temperatures that reached eighty degrees at night and eighty-five or eighty-six degrees during the day except for nine percent of the time when temperatures were over ninety degrees, reaching ninety-five degrees but not exceeding hundred degrees, as the temperatures were what is expected in a Florida residence without air conditioning during the summer).

Thus, Williams's allegations are not sufficient to allow the Court to draw the conclusion that his conditions are "so extreme that [they] it poses an unreasonable risk of serious damage to the

8

prisoner's health or safety." Richardson, 598 F.3d at 737. Because the objective component has not been satisfied, the Court shall forego a discussion on the subjective component. See Chandler, 379 F.3d at 1297 (declining to discuss the subjective component when the inmate failed to meet his burden on the objective component). The Court finds that Williams has failed to state an Eighth Amendment conditions-of-confinement claim. For this reason, Williams's action is due to be dismissed for failure to state a claim upon which can be granted.

**B. Lack of Required Causal Connection.**

Furthermore, in his amended complaint, Williams does not clearly indicate the nature of Defendant Stewart's involvement in his claims. He simply asserts that he was placed in the disciplinary cell pursuant to Defendant Stewart's order. (Doc. 6 at 5, PageID.22). To state a § 1983 claim, Williams must establish a causal connection between Defendant Stewart's actions, order, customs, or policies and a deprivation of his constitutional or federal rights. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986); Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir.) (same), cert. denied, 464 U.S. 932 (1983). Defendant Stewart's order is not identified, nor is it alleged that she directed Williams be placed in a certain cell. Moreover, no information is provided showing that she knew of the conditions of Williams's

9

cell.

Typically, liability is imposed against a supervisory official, such Defendant Stewart, on account of an unconstitutional policy or custom, as a supervisor cannot be held liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. Monell v. Dep't of Social Servs., 436 U.S. 658, 691-92, 98 S. Ct. 2018, 2036, 56 L.Ed.2d 611 (1978) (acts of an employee). "[A] plaintiff must allege that the supervisor personally participated in the alleged unconstitutional conduct or that there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Franklin v. Curry, 738 F.3d 1246, 1249 (11th Cir. 2013). In the amended complaint, Williams' allegations are not adequate to provide a causal connection between Defendant Stewart and Williams's conditions of confinement claim. Williams thus has failed to demonstrate a required causal connection to state a § 1983 claim.

**IV. Conclusion**.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

11

**DONE and ORDERED** this **26th** day of **October, 2020.**

                                                      /s/   SONJA F. BIVINS
                                             **UNITED STATES MAGISTRATE JUDGE**